UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM COURT APT.,<br>          Plaintiff,<br>     v.<br>STEPHANIE GONZALES,<br>          Defendant. | Case No. 16-cv-02909 NC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE**<br><br>Re: Dkt. No. 4 |

Defendant Stephanie Gonzales filed a notice of removal in this unlawful detainer case, alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 4. In the underlying complaint, plaintiff Palm Court Apartment brought a limited action for unlawful detainer, which arises exclusively out of state law. Accordingly, Gonzales must show cause in writing why removal is proper by August 15, 2016.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

Case No. 16-cv-02909 NC

In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Gonzales' removal states that removal is proper because an unlawful detainer action is subject to strict notice requirements, that Gonzales failed to timely file an answer, and the Superior Court for the County of Santa Clara did not sustain her answer. Dkt. No. 4 at 2. Gonzales argues that federal question exists "because Defendants' Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id*. This is insufficient as a basis for removal. If defendant does not demonstrate federal subject matter jurisdiction, this case will be remanded back to Santa Clara County Superior Court.

All parties are reminded that they must either consent to or decline the jurisdiction of a U.S. magistrate judge under 28 U.S.C. section 636. A form is attached to make this decision. Both parties are asked to file this form by August 15, 2016.

Also attached is a letter providing guidance to additional resources the Court provides pro se litigants.

**IT IS SO ORDERED.**

Dated: August 1, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-02909 NC        2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PALM COURT APT.,

    Plaintiff,

  v.

STEPHANIE GONZALES,
Defendant.

    Defendants.

Case Nos.  16-cv-02909 NC

**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION**

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

**( )  Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

    OR

**( )  Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE:

NAME:
COUNSEL FOR:
(OR "PRO SE:)

_____
Signature

Case No. 16-cv-02909 NC                 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 South 1st Street
San Jose, CA 95113

www.cand.uscourts.gov

| | |
|---|---|
| SUSAN Y. SOONG<br>CLERK OF COURT | GENERAL COURT NUMBER<br>408-535-5363 |

To: Pro Se Litigant
Re: Representing Yourself Before This Court

Dear Pro Se Litigant:

If you are representing yourself in federal court without representation by an attorney, that is called proceeding "pro se." The court has free resources to help you find your way through the court system and procedures. The Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am –12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

There are also online resources available on the court's webpage. The Pro Se Handbook, found at http://www.cand.uscourts.gov/prosehandbook, has a downloadable version of the court's own publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. Pay special attention to the **Civil Litigation Packets** tab on the left, which provides useful fillable forms. The Pro Se Handbook website also has a link to the Court's Electronic Case Filing (ECF) website.

*Susan Y. Soong*
Susan Y. Soong
Clerk, United States District Court

Case No. 16-cv-02909 NC                 4